LANGER, Respondent, vs. FINCH and another, Appellants.

*April 14—May 4, 1915.*

*Sales: Failure to deliver full amount: Vendee's failure to furnish inspector: Special verdict: Omissions: Presumed finding by court.*

Where, in an action for the purchase price of ties, defendants admitted the amount due but counterclaimed for damages because of plaintiff's failure to deliver his entire cut of ties for that season, and the jury found that plaintiff so agreed but that defendants failed on their part seasonably to furnish an inspector so that the ties could be shipped, such findings, together with a judgment entered in plaintiff's favor, settled every controverted issue of fact. If the jury did not specifically find that the delay in furnishing an inspector was a sufficient ground for breaching the contract, the judge, by force of sec. 2858m, Stats. 1913, so found.

APPEAL from a judgment of the circuit court for Douglas county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action to recover the purchase price of two carloads of ties amounting to $208.40. Defendants admitted the amount due on plaintiff's claim, but by way of counterclaim alleged that he had sold them his entire cut of ties that season; that he had failed to deliver all he cut, and by reason thereof they were damaged in the sum of $175. They tendered judgment for the difference of $33.40. The issue raised by the counterclaim and answer thereto was submitted to the jury and they found (1) that plaintiff agreed with defendants to sell and deliver his entire season's output of ties; (2) (by stipulation of parties) that defendants agreed with plaintiff to furnish an inspector and ship out the ties delivered at the landings when requested by the plaintiff; (3) that defendants failed to furnish an inspector and ship out ties an unreasonable length of time after being requested by plaintiff to do so; (4) (by agreement of parties) that plaintiff's entire output of ties that season was of cedar 3,000, of tamarack 3,000;

and (5) that their market value was, cedar forty-six cents, tamarack forty cents. Judgment in favor of plaintiff for $208.40, with interest and costs, was entered upon the special verdict, from which the defendants appealed.

For the appellants there was a brief by *Hanitch & Hartley,* and oral argument by *C. J. Hartley.*

For the respondent there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *Geo. B. Hudnall.*

VINJE, J.    There was no contest as to the amount due on plaintiff's cause of action, and the only issue presented to the jury was the one raised by the counterclaim. The jury found that plaintiff agreed to deliver his entire output of ties that year to the defendants, but that the latter failed seasonably to furnish an inspector so that they could be shipped. The jury's answer to question number 3 and the judgment entered upon the verdict dispose of every controverted issue of fact. If the jury did not specifically find that the delay in furnishing an inspector was a sufficient ground for breaching the contract, the judge, by force of sec. 2858*m,* Stats. 1913, so found. There was evidence to sustain both findings.

*By the Court.*—Judgment affirmed.